[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE; MOTION TO STRIKE FIRST SPECIAL DEFENSE #166
The plaintiff's motion to strike raises the issue whether the court should grant the plaintiff's motion to strike the defendant's first special defense in which it alleges that the plaintiff's action is barred because his exclusive remedy is provided by the Workers' Compensation Act, specifically General Statutes 31-300.
The court grants plaintiff's motion to strike on the ground that the two previous determinations regarding exclusivity made by the court on two motions to strike the plaintiff's complaint are the law of the case.
In its first memorandum of decision on the defendant's motion to strike the complaint, the court, Maiocco, J., while granting the motion on a different ground, also addressed the defendant's claim that the Act, specifically General Statutes 31-300, provides the plaintiff's exclusive remedy. The court stated "[a]s to defendants [sic] exclusivity argument, the Workers' Compensation Act is not the plaintiff's exclusive remedy when alleging wrongful and intentional reduction or termination of benefits. See Carpentino v. CT Page 8407 Transport Inc. Co., 609 F. Sup. 566, 560-64 (D.Conn. 1985)." (Memorandum of Decision re: Motion to Strike #133, November 26, 1991, Maiocco, J., p. 3).
In its second motion to strike, directed to the plaintiff's amended complaint, the defendant asserted the same grounds raised in its previous motion to strike the original complaint. The court, Maiocco, J., denied the defendant's motion. In response to the defendant's exclusivity argument, the court, Maiocco, J., stated in its memorandum of decision that, "[t]he plaintiff is not basing his in the instant case on an injury which arises out of and in the course of his employment. Rather he alleges that the defendant's unilateral termination of payments violates CUTPA. Consequently, this action is not barred by the exclusivity provision of the Worker's Compensation Act." (Memorandum of Decision re: Motion to Strike, February 24, 1992, Maiocco, J., p. 4).
New pleadings intended to raise again a question of law which has already been presented on the record and determined adversely to the pleader are not to be favored. Breen v. Phelps, 186 Conn. 86,99, 439 A.2d 1066 (1986). Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances. Id. The earlier decisions of Judge Maiocco regarding the defendant's two motions to strike on same ground now raised in its special defense are the law of the case. It has been previously twice decided that the plaintiff stated a legally sufficient CUTPA claim which did not arise out or in the course of his employment but according to the plaintiff's allegations from a course of intentional acts and misrepresentations on the part of the defendant insurer, and thus is not barred by the exclusive remedies afforded the plaintiff under the Act.
In the face of that history the court agrees with the plaintiff's contention that the filing of a Special Defense alleging the bar of Worker's Compensation exclusivity raises something as a defense which Judge Maiocco already ruled did not apply to the complaint as pled.
The Motion to Strike is granted.
FLYNN, J. CT Page 8408